QUIÑONES, APPELLANT, *v.* THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Germán denying admission to record.

No. 175.—Decided March 5, 1914.

PROPERTY OF MINORS—TUTOR—DELIVERY OF PROPERTY IN PAYMENT—CANCELLA-
TION OF MORTGAGE.—In accordance with section 282 of the Civil Code as amended by Act No. 33 of March 9, 1911, a tutor must have judicial authorization to accept a mortgaged property in payment of a mortgage credit by a public deed and cancel the mortgage even supposing that the said settle-

ment had been contracted privately with the father of the minor during the father's lifetime. Delivery of property in payment of a debt is equivalent to a contract of sale and the cancellation of a mortgage is the same as an actual alienation.

The facts are stated in the opinion.

*Mr. Benito Forés* for appellant.

Mr. Rafael B. Sama, the registrar, appeared by brief *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 7, 1914, in the city of San Germán before Notary Benito Forés y Morazo, Juan José Tellado and his lawful wife, Antonia Tomey, executed a public deed of sale to a ·house situated in Sol Street in the said city in favor of the minors Norberto Alfredo, Rafael Angel and Rosendo de Jesús Quiñones e Irizarry, sole heirs of their deceased father, Rosendo Quiñones y Guzmán, represented by their testamentary tutor, Tomás Quiñones y Guzmán. According to the deed, the said property was sold under private contract by Juan José Tellado on September 17, 1913, to the said Rosendo Quiñones y Guzmán for the sum of $615, of which $590 was retained by the purchaser to satisfy a mortgage created on the said property on November 10, 1911, for a like amount, the vendor having received the balance of $25 from the purchaser; but when entered into the contract was not set out in a public document notwithstanding the fact that Rosendo Quiñones y Guzmán, who died on November 6, 1913, took possession of the house when the contract was made.

The said deed of sale having been presented in the Registry of Property of San Germán, the registrar refused to admit the same to record for the reasons stated in the following decision:

"The admission to record of the foregoing document, which is considered in connection with an accompanying one, is denied because of the defect that although the deed is executed in favor of

Rosendo Quiñones y Guzmán, he having died, the mortgage, in payment of which the property is adjudicated, belongs to his minor heirs and the tutor cannot make contracts or execute acts subject to be recorded without the proper authorization of the district court, pursuant to an Act of the Legislative Assembly of Porto Rico of 1911. Instead a cautionary notice is entered under letter A for a period of 120 days, on folio 8, over, of volume 39 of this municipality, property No. 2160. San Germán, February 9, 1914. The Registrar, Rafael B. Sama.''

An appeal was taken from this decision to this court by Tomás Quiñones y Guzmán in representation of the minor children of Rosendo Quiñones y Guzmán. In support of his appeal he alleges that the provision of law relied on by the registrar is not applicable to the present case where the tutor has neither entered into any contract nor executed any document to be recorded, on his own account and in carrying out his trust, but has only perfected by a public instrument a contract already entered into by the deceased father of the minors, by which contract he received the mortgaged property in payment of the mortgage, thereby extinguishing the mortgage lien burdening the same.

We cannot sustain the contention of the appellant.

Section 282 of the Revised Civil Code as amended by Act No. 33 of March 9, 1911, as far as applicable, reads as follows:

''Section 282.—The tutor shall require the authorization of the proper district court:

\*          \*          \*          \*          \*          \*          \*

''5. To alienate or encumber the real property which constitutes the capital of the minor or incapacitated person or make contracts or execute acts requiring recording   \*   \*   \*.''

According to section 335 of the said code, among others servitudes and other real rights attached to immovables are real property.

''Adjudication implies a real contract of transfer or sale in payment.'' *Voight* v. *The Registrar of Property*, II D. P. R., 145.

"* * * acts or contracts, by virtue of which property rights in real estate are extinguished or canceled, amount to an actual alienation and should be distinguished from those referring to the collection of money and the issuance of proper receipts therefor." *Benítez Hermanos* v. *The Registrar,* 17 P. R. R., 221.

Applying the provisions of law and the doctrine cited to the deed whose admission to record was denied by the Registrar of Property of San Germán, we find that he acted correctly, for even supposing that the sale of the house was made on September 17, 1913, by Juan José Tellado to Rosendo Quiñones y Guzmán by a private document, a copy of which does not appear in the public instrument of January 7 of the present year, the fact remains that the said instrument involves the execution or ratification of that private deed by the tutor of the minor children of Rosendo Quiñones y Guzmán, the execution of the public instrument being an indispensable requisite for recording in the registry of property the adjudication or conveyance of the mortgaged house. The tutor, Tomás Quiñones y Guzmán, executed an act requiring recording and therefore the judicial authorization prescribed by section 282 which we have quoted, was necessary.

But this is not all. The deed of January 7 last not only embodies a deed of sale by Juan José Tellado, for, as we have stated before, the adjudication or delivery of property in payment is a sale, but it also involves an alienation made by Tomás Quiñones y Guzmán in representation of the minors, because by virtue of the said instrument the mortgage credit encumbering the house was extinguished, pursuant to section 1124 of the Civil Code, and therefore the cancellation of the said credit should follow pursuant to articles 82 of the Mortgage Law and 132 of the Regulations for its execution; and we have said heretofore that the cancellation of a mortgage credit embodies an actual act of alienation, because by it a creditor is dispossessed of a property right belonging to him. *Benítez Hermanos* v. *The Registrar,* 17 P. R. R., 221.

It is true that the private contract of sale entered into on

September 17, 1913, between Juan José Tellado and Rosendo Quiñones y Guzmán, if it really existed, created between the contracting parties a legal tie which now affects the heirs of the purchaser, but that contract is not legally binding on third persons until it is converted into a public document and recorded in the registry of property. Therefore, so far as regards third parties the house continued to belong to Juan José Tellado and the mortgage to Rosendo Quiñones y Guzmán and upon his death to his minor children.

In perfecting the contract of sale of the house by means of a public instrument and extinguishing the mortgage encumbering the same it was absolutely necessary to secure judicial authorization, the lack of which has occasioned this appeal.

For the foregoing reasons the decision of the registrar should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.